881 F.2d 1076
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul Eugene JOHNSON, Petitioner-Appellant,
v.
William SEABOLD, Warden; Kentucky State Penitentiary,
Respondents-Appellees.
 No. 88-6394.
 United States Court of Appeals, Sixth Circuit.
 Aug. 7, 1989.
 
 Before KRUPANSKY and RYAN, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Paul Johnson, proceeding pro se, appeals the district court's judgment dismissing his habeas corpus petition filed under 28 U.S.C. Sec. 2254. The appeal has been referred to a panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the certified record and the parties' briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Johnson claimed that his conviction for intentional murder is unconstitutional because the prosecution failed to disclose exculpatory evidence, and the conviction is based on insufficient evidence. The district court granted the defendants summary judgment concluding that Johnson received a fair trial.
 
 
 3
 Upon consideration, we affirm the district court's judgment. The state's failure to disclose evidence did not prejudice Johnson or deny him due process as the evidence was not material so as to establish a reasonable probability that the outcome of the proceeding would have been different if Johnson had the benefit of the evidence prior to trial. See United States v. Presser, 844 F.2d 1275, 1281 (6th Cir.1988).
 
 
 4
 Also, his conviction for intentional murder is supported by sufficient evidence as a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307 (1979); Brown v. Davis, 752 F.2d 1142, 1144 (6th Cir.1985). In Kentucky, intentional murder under Ky.Rev.Stat. 507.020 is consummated when the homicide results from conduct of a person whose conscious objective is to cause another's death. A review of the evidence supports a finding that a rational trier of fact could have concluded beyond a reasonable doubt that Johnson's conscious objective was to cause the death of another person; the evidence is therefore sufficient.
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.